668 So.2d 763 (1996)
Brian Scott WIGGINTON a/k/a Scott Wigginton
v.
STATE of Mississippi.
No. 92-KA-00777-SCT.
Supreme Court of Mississippi.
January 25, 1996.
George S. Whitten, Jr., Greenwood, T.K. Moffett, Moffett & Associates, Tupelo, for Appellant.
Michael C. Moore, Attorney General, Jackson, Charles W. Maris, Jr., Sp. Ass't Attorney General, Jackson, for Appellee.
En Banc.
JAMES L. ROBERTS, Jr., Justice, for the Court:
Brian Scott Wigginton, a prisoner at Parchman, has appealed the denial of his petition for post-conviction relief by the circuit court of Monroe County. We find no error in the circuit judge's denial of Wigginton's petition to set aside his guilty plea theretofore entered, and which was clearly a valid and binding plea of guilty. It is apparent from the record, however, that the circuit judge could have inquired into the circumstances of Wigginton's removal from the "shock probation" program of the Department of Corrections, but was of the opinion he had no jurisdiction to do so. We find that Miss. Code Ann. § 47-7-47 (1972) does vest in the circuit judge who sentences a prisoner under this section the authority to make a later determination whether to suspend the execution of the sentence. We find this also gave the circuit judge jurisdiction to inquire into the circumstances of Wigginton's removal from the program upon his claim that he had been wrongfully removed. We therefore remand this matter to Honorable Barry Ford, circuit judge of Monroe County, to make whatever inquiry he deems appropriate and proper in determining whether there was an absence of justification to remove Wigginton from the shock probation program to which he had been sentenced.

FACTS
Wigginton was indicted by the Monroe County grand jury on October 16, 1991, for robbery. On October 23 he entered a plea of guilty and was sentenced to ten years imprisonment. Upon recommendation of the State, the circuit judge reserved the right to review his sentence for a period not exceeding 180 days, and, upon recommendation of the Department of Corrections, placed Wigginton in the Regimented Inmate Discipline (RID) Program. The condition of this placement was that if Wigginton successfully completed the program, he would be placed upon supervised probation and released from Parchman, but if he failed to do so, he would be placed in the general population of Parchman to serve his sentence.
*764 Wigginton got into some kind of an altercation with a fellow inmate during this period and was removed from the program by the Superintendent. According to Wigginton, he was making up his upper bunk bed when his knee accidentally hit the lower bed, which angered the fellow inmate who slept there. The fellow inmate, again according to Wigginton, jumped upon his back and he pushed him off. The fellow inmate swung at Wigginton, the group yelled "fight," and the drill instructor came in and this ended the matter. This occurred approximately three weeks after he entered the program. According to Wigginton, he went before a Final Evaluation Committee and was told he would be expelled from the program. He appealed to the Superintendent, and received a letter telling him to "Please re-submit your appeal of an adverse determination of the Disciplinary Committee to me in the proper fashion with a copy of the RVR (Rules Violation Report) attached and with the RVR Log for my reference. It is impossible to answer your appeal without this additional information."
Wigginton responded that he had never received an RVR. On January 22, 1992, the Superintendent replied:
I have received and reviewed the contents of above referenced correspondence.
Your record reflects you entered the RID program on or about December 17, 1991 at which time you were advised of the policies set forth at the 1988 Judicial Convention in Olive Branch. Acts of violence are not tolerated at the RID program, nor at the Mississippi State Penitentiary.
The RID staff has the authority to terminate any inmate who does not conform to the rules, whether an RVR is issued or not.
On February 10, 1992, Wigginton filed a motion to vacate and set aside his conviction, claiming that he had ineffective assistance of counsel, that his plea of guilty had not been knowingly and intelligently entered, and that he had not been properly advised by the court.
Although nothing was said about it in Wigginton's motion, at the hearing held before the circuit judge on June 22, 1992, the matter of Wigginton's removal from the program was brought to the attention of the court, and Wigginton's counsel contended that Wigginton had been wrongfully removed from the program, and requested the circuit judge to consider this as well. A former sheriff of Monroe County, who had known Wigginton since childhood, testified in his behalf on this issue.
The circuit judge ruled that Wigginton's plea of guilty had been lawfully made and entered, and that there was no merit in his petition as to his plea of guilty and original sentence. He did, however, take under advisement the matter of reviewing his sentence, and Wigginton's removal from the program. Thereafter, on July 2, 1992, the circuit judge rendered an opinion and order finding that the plea of guilty was legally and validly made and entered. As to the RID program, the court found that Wigginton did not successfully complete the program and had been transferred from that program to the general population at Parchman.
The circuit judge then ruled: "The Court further finds that it does not have the authority to review the procedure of the Mississippi Department of Corrections when a state prisoner feels that his rights have been violated or he or she has not been afforded due process."
Wigginton has appealed.

LAW

I. PLEA
We find no merit in Wigginton's contention that his plea of guilty was somehow tainted, and affirm the circuit judge's finding on this issue.

II. SENTENCE
We are troubled, however, by the complete absence in this record of any reason given by the Parchman personnel for Wigginton's removal from the program. This program, known as "shock probation," is designed to change the attitude and personalities of first offenders in the hope that they may return to society and make law abiding citizens at the end of a six-month period. We must not forget that in carrying out such a program, while it is important that those unsuited or unfit be weeded out and placed with the *765 regular inmates at Parchman to serve their sentences, it is also important that those who do not deserve it are not unjustly removed from the program. Society has an impelling interest in getting the criminal off the streets; it also has an interest in saving, when it can, a person from becoming a criminal. Hence, the shock probation program.
The circuit judge erred in finding that he had no jurisdiction to consider whether or not Wigginton's sentence could be reviewed under Miss. Code Ann. § 47-7-47.[1] Wigginton's rights in this setting are very limited, almost minuscule. Smith v. State, 580 So.2d 1221 (Miss. 1991). Nonetheless, the circuit judge clearly had the authority to inquire into Wigginton's sentence, and see if there was any basis at all for Wigginton's removal from the program, and it remains discretionary with the circuit judge to determine whether or not Wigginton's sentence should be reviewed.
We therefore remand this cause to the circuit court of Monroe County for the circuit judge to consider sentence review under the guidelines we set forth in Smith v. State, 580 So.2d at 1224-26.
CONVICTION OF ROBBERY AFFIRMED; REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION AS TO SENTENCING.
DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, McRAE, SMITH and MILLS, JJ., concur.
NOTES
[1] § 47-7-47. Earned probation program; restitution to crime victim.

(1) The judge of any circuit court may place an offender on a program of earned probation after a period of confinement as set out herein and the judge may seek the advice of the Commissioner of the Department of Corrections and shall direct that such defendant be under the supervision of the Department of Corrections.
(2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the Commissioner of the Department of Corrections at the time of the initial sentencing only, not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been delivered to the custody of the Department of Corrections, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been confined for the conviction of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof or has been convicted of a felony involving the use of a deadly weapon.
(b) The authority granted in this subsection shall be exercised by the judge who imposed sentence on the defendant, or his successor.