## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 1998-CA-01805-SCT

*DEMETHRIS BABBITT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/1998 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN DAVID WEDDLE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOHN YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND RENDERED IN PART -01/27/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/17/2000 |

## BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Appellant Demethris Babbitt pled guilty to two charges of possession of cocaine on November 6, 1997, in Lee County Circuit Court. The circuit court sentenced him to two (2) twenty (20) year concurrent terms in the Mississippi Department of Corrections (MDOC), and he was placed in the Intensive Supervision Program (ISP) or House Arrest.

¶2. On April 13, 1998, the Lee County Circuit Court entered an order finding that Babbitt had failed to complete successfully the program and ordered that Babbitt complete the original sentence imposed. The finding was based on a report filed by the MDOC alleging that Babbitt had left his residence without permission. Upon being placed in custody at the Rankin County facility, an administrative hearing was held by the Department of Corrections Disciplinary Committee. After reviewing the evidence before it, the committee ruled that Babbitt was not guilty of the alleged violation.

¶3. After not being returned to the ISP, Babbitt filed a Motion for Post Conviction Relief on May 26, 1998, seeking relief from the apparent revocation of his participation in the ISP. At the conclusion of an evidentiary hearing conducted on June 15, 1998, the Circuit Court of Lee County issued an order from the bench requiring Babbitt to begin serving his two (2) twenty (20) year concurrent sentences. A written order followed on November 13, 1998, *nunc pro tunc* to the 15th day of June, 1998.

¶4. Aggrieved by the circuit court's ruling, Babbitt appeals to this Court assigning the following as error:

**Whether the trial court erred in dismissing the Appellant's Motion for Post Conviction Relief and denying all relief sought thereunder.**

## STATEMENT OF FACTS

¶5. Demethris Babbitt plead guilty to two separate charges of cocaine in November of 1997. The Circuit Court of Lee County placed Babbitt in the intensive supervision program (ISP), also known as house arrest, for a period of one (1) year. On April 11, 1998, Johnny Finney, a field officer with the MDOC and Babbitt's supervising officer, filed a report stating that Babbitt had violated the terms and conditions of his house arrest by leaving his residence earlier that same day without permission. Finney stated that he received a page from the monitoring service responsible for tracking Babbitt's movement indicating that Babbitt had left his residence. Finney called Babbitt's residence and spoke to an unidentified woman who allegedly informed Finney that Babbitt had gone shopping. According to Finney's report, on April 11, 1998, Babbitt left his house to go shopping and was absent without authority from 11:30 a.m. to approximately 1:00 p.m. Finney based his violation report on the telephone conversation that he had with the unidentified woman who answered the phone at Babbitt's residence. Finney did not attempt to talk to Babbitt nor did he attempt to corroborate the unidentified woman's explanation for Babbitt's absence with anyone else before issuing the violation report.

¶6. The violation report was reviewed by the Mississippi Department of Corrections Disciplinary/Classification Committee. The committee conducted a hearing on the rule violation report against Babbitt and found that he was not guilty of the alleged charge based on the fact that Finney had received his information from an unidentified woman and the fact that Babbitt was at home when officers arrived to take custody of him. The committee felt that Finney's failure to verify the unidentified woman's explanation for Babbitt's absence in any way was a decisive factor. Further, the committee cited the fact that Babbitt maintained his own uncontested explanation for his absence-that he had left to attend a Narcotics Anonymous (NA) meeting-and that Finney should have at least communicated with Babbitt prior to issuing the violation report. Indeed, Babbitt claims that his fiancé and her friend dropped him off at the site of the meeting and subsequently went shopping. When Babbitt realized that there was no meeting he returned home. Babbitt admits that his ISP Weekly Schedule reflected that his NA meeting was at 7:00 p.m. that Saturday night not at 12:00 p.m. Saturday afternoon as he had thought. However, Babbitt claims that he did not consult the schedule before leaving the house Saturday morning because he thought he remembered it correctly.

¶7. Although Babbitt was found not guilty by the classification committee, he was not returned to the ISP. Subsequently, he filed a motion for post-conviction relief in the Circuit Court of Lee County, the court that originally placed him in the ISP. The circuit court conducted an evidentiary hearing and found as a fact and concluded as a matter of law that Babbitt had violated the terms and conditions of the ISP. The court expressly ignored the Mississippi Department of Corrections Classification Committee's finding. The court

ordered Babbitt to begin serving his two (2) twenty (20) year concurrent sentences.

## ANALYSIS

¶8. The principal issue in this case is whether the circuit court was correct in disregarding the disciplinary committee's finding that Babbitt was not guilty of the violation and reinstating the two (2) twenty (20) year concurrent sentences. The circuit court ruled that under Miss. Code Ann. § 47-7-47(2)(a)(Supp. 1999) the court reserved the exclusive right of judicial review at the time of sentencing; therefore the circuit found that it was entirely appropriate for it to ignore the disciplinary committee's finding and make its own determination. Section 47-7-47(2)(a) reads in pertinent part:

> Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the commissioner at the time of the initial sentencing only, not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody of the department, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on *earned probation* . . . .

(emphasis added).

¶9. The circuit court determined that since Babbitts's motion for post-conviction relief had come before the court within one year of the initial sentencing, the court retained full and exclusive jurisdiction. The circuit court went on to state expressly that the disciplinary committee's ruling on Babbitt's violation had no effect on its decision. The court stated:

> The Court makes no finding concerning the decision of the . . . disciplinary hearing officer or that committee of the Department of Corrections. It's the opinion of this Court that those proceedings are totally insignificant in terms of this Court's considering whether or not he has violated the terms imposed by the Intensive Supervision Program.

¶10. As reflected, the circuit court did not acknowledge the disciplinary committee's finding that Babbitt had not violated the terms of the ISP. Instead, the circuit court invoked section 47-7-47 in order to justify its decision to ignore the committee's finding. However, the circuit court erred in this determination. Chapter 7 of Title 47 governs probation and parole. The circuit court sentenced Babbitt to ISP which is governed by Chapter 5 of Title 47. The circuit court determined that it was wholly within its rights to reinstate Babbitt's twenty (20) year sentence under section 47-7-47(2)(a). However, that section expressly governs the "earned probation program." Nowhere in Chapter 7 is the ISP mentioned.

¶11. Miss. Code Ann §§ 47-5-1001 through 47-5-1015 (1993 & Supp. 1999) are titled "Intensive Supervision Program; Electronic Home Detention," and governs all matters relating to the ISP. Section 47-5-1003, titled, "Intensive supervision program; eligibility; procedure; time limits; *program violations*," is the controlling authority of this case. (emphasis added). Specifically, section 47-5-1003(3) confers "full and complete" jurisdiction on the classification committee in matters relating to violations of the ISP. It reads:

> To protect and to ensure the safety of the state's citizens, any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional field officer and placed in the actual custody of the Department of Corrections. **Such offender is under the full and complete jurisdiction of the department and subject to removal from the program by the classification committee.**

Miss. Code Ann. § 47-5-1003(3) (Supp. 1999) (emphasis added).

¶12. This statute went into effect on March 23, 1998. Babbitt's post-conviction hearing was held on June 15, 1998. Clearly, this is the controlling statute.

¶13. The State argues that under ***Wigginton v. State***, 668 So.2d 763 (Miss.1996) the circuit court was correct in reinstating Babbitt's sentence. In ***Wigginton***, this Court was called upon to consider the plight of Wigginton, an inmate originally sentenced pursuant to section 47-7-47. At the time of sentencing, the circuit judge reserved the right to review Wigginton's sentence for a period not exceeding 180 days, and upon the recommendation of the MDOC, Wigginton was placed in the Regimented Inmate Discipline (RID) Program. Wigginton was involved in an altercation and subsequently was removed from RID and placed into the general population. A hearing was held before the circuit judge on the matter of Wigginton's removal from RID, inter alia, and the circuit judge concluded that he had no right to review the procedure of the MDOC when a state prisoner feels that his rights have been violated or he has not been afforded due process. ***Wigginton***, 668 So.2d at 763-64. This Court concluded that the circuit judge had the authority to inquire into Wigginton's sentence under section 47-7-47 to see if there was any basis for Wigginton's removal from the program. ***Id.*** at 765. The Court went on to say that it remains discretionary with the circuit judge to determine whether Wigginton's sentence should be reviewed. ***Id.*** However, our holding in ***Wigginton*** is not applicable to the case sub judice. Wigginton was decided in 1996 before section 47-5-1003 was amended to include subsection (3). Furthermore, the program involved in ***Wigginton***, the RID program, is separate and apart from the Intensive Supervision Program which has its own governing statutes.

¶14. It is undisputed that the Disciplinary Committee, an arm of the Classification Committee, determined that Babbitt was not guilty of the alleged rule violation. This determination was made prior to the post-conviction relief hearing in the circuit court. The circuit court was correct in dismissing Babbitt's motion of for post-conviction relief, but under section 47-5-1003(3) the circuit court lacked the jurisdiction to reinstate Babbitt's twenty (20) year sentence. This power is given to the Classification Committee by the aforementioned statute.

¶15. Instead of moving for post-conviction relief Babbitt should have followed the "offender grievance procedure" established by the MDOC in its standard operating procedure manual at 20.08.01 in order to have himself placed back in the ISP. It is not necessary to list the specific steps of this grievance procedure but merely to establish that there is such a policy in effect to deal with cases such as this.

¶16. Therefore, the circuit court's dismissal of Babbitt's motion for post-conviction relief is affirmed, but on the grounds of lack of jurisdiction. Furthermore, the circuit court's reinstatement of Babbitt's two (2) twenty (20) year concurrent sentences is reversed. Babbitt may pursue his grievance in accordance with the offender grievance procedure established by the MDOC.

¶17. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**