## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01747-SCT

*RAWDY LEE JENSEN a/k/a RAWDY LEE ROOKER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/1999 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD DANIEL BOWEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND RENDERED IN PART - 02/22/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/15/2001 |

**BEFORE BANKS, P.J., SMITH AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. On September 23, 1998, Rawdy Lee Jensen pled guilty in the Lee County Circuit Court to possession within intent to sell, transfer and distribute more than one kilogram of marijuana within 1500 feet of a church building. The trial judge sentenced Jensen to 20 years in the custody of the Mississippi Department of Corrections (MDOC) and placed him in the Intensive Supervision Program (ISP), commonly known as house arrest, pursuant to the provisions of Miss. Code Ann. §§ 47-5-1001 to -1015 (2000).

¶2. Six months later, the correctional field officer in charge of Jensen's supervision determined that Jensen had violated a condition of house arrest "which required him to be at work when he was not." The officer testified that Jensen gave him "a reason to take him into custody and transfer him from his home to the prison."

¶3. The record contains no mention of any administrative proceedings being requested or held as provided in Miss. Code Ann. § 47-7-1003(3) and in the MDOC standard operating procedure manual. Rather Jensen petitioned the Lee County Circuit Court for judicial review of the MDOC field officer's decision to

remove him from the ISP, asserting not only that the trial court retained jurisdiction for one year, as stated in the sentencing order, by authority of Miss. Code Ann. § 47-7-47 (2000), but also asserting violation of his rights of due process under the Constitutions of the United States and the State of Mississippi.

¶4. The trial court refused to rule on the constitutional challenge and ordered that Jensen serve out the remainder of his sentence of 20 years as originally ordered. Aggrieved, Jensen has appealed to this Court, raising the following issues:

> **I. THE CIRCUIT COURT ERRED IN REFUSING TO RULE ON THE APPELLANT'S CONSTITUTIONAL CHALLENGE TO SECTIONS 47-5-1001 THROUGH 47-5-1015, MISSISSIPPI CODE ANNOTATED.**
>
> **II. THE CIRCUIT COURT'S REFUSAL TO RULE ON ISSUE NUMBER I IS TANTAMOUNT TO A DENIAL, AND THEREFORE, THIS COURT SHOULD ACCEPT JURISDICTION AND DECLARE SECTIONS 47-5-1001 THROUGH 47-5-1015 UNCONSTITUTIONAL.**

¶5. Finding that the trial court was without jurisdiction, we reverse that court's reinstatement of Jensen's 20 year sentence. Jensen's remedy was to pursue the MDOC grievance procedure rather than bypassing that procedure and filing his petition in circuit court. Because this has not been done, we decline to address the constitutional issues at this time.

## STANDARD OF REVIEW

¶6. The decision of whether a circuit court had proper jurisdiction to hear a particular matter is a question of law and is reviewed de novo. *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1204 (Miss. 1998).

## ANALYSIS

¶7. The principal issue in this case is whether the circuit court properly ruled that under Miss. Code Ann. § 47-7-47, it could reserve the exclusive right of judicial review at the time of initial sentencing. Section 47-7-47 reads in pertinent part:

> (2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the commissioner at the time of initial sentencing only, not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody of the department, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation....

The circuit court determined that since the initial sentencing order reserved the right of review under § 47-7-47, that it "ha[d] full right of review and modification of any sentence given in this cause." Apparently defense counsel, the prosecutor and the judge all failed to note, throughout this entire process, that the ISP statute had been amended just a few months prior to Jensen's sentencing. The amendment re-wrote § 47-5-1003, subsection (2) of the ISP statute, which had previously provided for "following the procedure and time limits established in § 47-7-47(2)". The amendment added subsection (3) which gives "full and complete jurisdiction" to MDOC relating to ISP violations.

¶8. As a threshold matter, the State contends that because Jensen failed to pursue administrative remedies, neither the circuit court nor this Court have subject matter jurisdiction over this case. The State relies on this Court's holding in *Babbitt v. State*, 755 So.2d 406 (Miss. 2000). There, Babbitt was also a participant in the ISP program, and was also transferred to prison after allegedly violating one of the ISP rules. *Id.* at 407. An administrative hearing held after Babbitt's incarceration found him not guilty of the alleged violation, but the circuit court judge refused to release Babbitt, holding that he still retained jurisdiction over Babbitt's case under the terms of the order by which he sentenced Babbitt. *Id.* This Court reversed, noting that the ISP statute vested jurisdiction over offenders placed in the program with the MDOC, and thus, the circuit court could not assert jurisdiction contrary to that express language, notwithstanding the circuit court judge's express retention of jurisdiction after sentencing. *Id.* at 410.

¶9. As this Court noted in *Babbitt*, administrative remedies do exist for a prisoner who claims that his house arrest status was wrongfully revoked. These remedies were more fully discussed by the Court of Appeals:

> Our holding does not mean that a person dissatisfied with the method of his removal from the house arrest program is without remedy. Department of Correction procedures require an internal disciplinary hearing before a house arrest participant can be reclassified to the general prison population. Further, there are procedures available to all inmates to obtain administrative review of complaints relating to the inmate's terms of confinement adopted pursuant to authority of Section 47-5-801 of the Mississippi Code. This administrative process provides a right, ultimately, to judicial review of the matter to protect the inmate from arbitrary or capricious treatment at the hands of prison officials...

*Lewis v. State*, 761 So.2d 922, 923 (Miss. Ct. App. 2000)(internal citations omitted).

¶10. In response to the State's reliance on *Babbitt*, Jensen alleges that Babbitt was never returned to the house arrest program even though the administrative hearing found him not guilty of the alleged violation, and concludes that MDOC's administrative review of reclassifications is inadequate and is merely a shield against due process claims brought by inmates improperly removed from the ISP program. Jensen offers no authority in support of this assertion, and this Court has no information before it on the ultimate disposition of the *Babbitt* case after it was remanded for proper administrative review.

¶11. Jensen has not provided this Court any information by which to determine if he even pursued his administrative remedies, there being no mention of such in either his petition for judicial review filed in the circuit court or his brief filed with this Court. Only after all administrative remedies have been exhausted will Jensen be entitled to petition for a judicial review of his case, and only when there is a proper record of such proceedings can a court undertake a review of the constitutional issues. In the absence of such a record, we find that the circuit court did not err by refusing to rule on Jensen's constitutional challenge, albeit its ruling was for the wrong reason. However, we find that the circuit court was without jurisdiction to reinstate Jensen's 20 year sentence, and we reverse so that Jensen may properly pursue the offender grievance procedures as contemplated in § 47-5-1003(3) and established by MDOC. For the foregoing reasons, the judgment of the Lee County Circuit Court is affirmed in part and reversed in part, and judgment is rendered here regarding reinstatement so that Jensen may pursue the offender grievance procedures provided by applicable law.

¶12. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS,WALLER, DIAZ AND EASLEY, JJ., CONCUR.**