784 So.2d 273 (2001)
Vickie W. GREEN a/k/a Vickie Woodson Green, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01200-COA.
Court of Appeals of Mississippi.
May 8, 2001.
Vickie W. Green, appellant pro se.
Office of the Attorney General by W. Glenn Watts, for appellee.
Before KING, P.J., PAYNE, and MYERS, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY AND FACTS
¶ 1. In June 1998, Vickie Green pled guilty to felony shoplifting before the Marion County Circuit Court. Green was sentenced to serve a five year sentence with the Mississippi Department of Corrections (MDOC), said sentence to be served under the provisions of Miss.Code Ann. § 47-7-47 (Rev.2000), including participation in the Regimented Inmate Discipline program (RID). Green failed to abide by the RID rules, and the program director recommended Green's transfer to the Central Mississippi Correctional Facility. Green filed a petition for post-conviction relief, claiming she was denied a hearing prior to her dismissal from the RID program. Her motion was denied, and she now appeals to this Court. Finding no error in such denial, we affirm.

*274 ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 2. For clarity, we have restated appellant Vickie Green's first issue, as well as cited verbatim her second issue with this appeal:
I. THE APPELLANT WAS IMPROPERLY DISMISSED FROM THE REGIMENTED INMATE DISCIPLINE PROGRAM BECAUSE SHE WAS NOT GIVEN THE BENEFIT OF AN EVIDENTIARY HEARING.
II. THE APPELLANT DID NOT RECEIVE A FAIR HEARING DUE TO INEFFECTIVE ASSISTANCE OF DRILL INSTRUCTOR ROOSEVELT GUY.
¶ 3. With this appeal, Green essentially argues that she was due an evidentiary hearing before removal from the RID program, and that her petition for post-conviction relief was improperly denied. We look to the applicable standards of review.
In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. We will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous....
[T]he Post Conviction Collateral Relief Act reads: (1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require. Clearly, the trial court is not required to grant an evidentiary hearing on every petition it entertains. More specifically, the Act states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified."
McMillian v. State, 774 So.2d 454 (¶ ¶ 5-6) (Miss.Ct.App.2000) (citations omitted).

DISCUSSION OF THE ISSUES
¶ 4. Though Vicki Green lists two points in her "statement of issues," including that she was entitled to an evidentiary hearing and that she did not receive effective assistance from her counsel, she fails to develop either of these arguments in her brief. Rather, in one discussion she essentially argues she was denied due process in her being removed from the RID program. Thus, we will address this sole issue.
¶ 5. Green argues that she was entitled to a hearing before she was dismissed from the RID program, and that she never received any rules violation reports describing to her the offenses with which she was charged. The record shows that from the time Green arrived to participate in the RID program in August until the following November, she had received two offense reports. We infer that the third report, which is not found in the record, led to the program director's decision to notify the court that Green failed to comply with the program's directives. Green, however, now claims on appeal that she never received any rule violation reports.
¶ 6. Green's offenses were written up on documents entitled "Informal Resolution Forms." At the bottom of each form, Green signed her name and affirmed that "I, Vicki Green, willingly acknowledge that I have been afforded an Informal Resolution in lieu of a Rule Violation Report. I understand why this Resolution is taking place and I agree to the designated disciplinary action." With Green's signing this acknowledgment, she affirmed she was *275 aware of the "charge" against her as it was described on the form. Green was also notified of the resulting punishment for the offenses (one was to extend her participation in the RID program to 180 days total, the other was to take away her phone and visitation privileges for one day), and she verified that the form was to take the place of a Rule Violation Report.
¶ 7. Diana Robbins, director of the Rankin Satellite Restitution Center where Green was assigned, wrote a letter to the court concerning Green. Though this letter does not appear in the record, it is referenced in the circuit court's order denying post-conviction relief. The judge refers to facts found in Robbins's letter which show that Green had received two prior rule violation reports, one for unauthorized possession of medication and one for refusing to obey the order of a staff member. Robbins's letter also reported that Green would be transferred back to the Central Mississippi Correctional Facility to complete her five-year sentence due to the rule violations.
¶ 8. In the circuit court's denial of Green's petition for post-conviction relief, the judge cited to Wigginton v. State, 668 So.2d 763 (Miss.1996). In Wigginton, the supreme court explained that a circuit court is permitted to reconsider an expelled RID inmate's sentence:
Wigginton's rights in this setting are very limited, almost minuscule. Nonetheless, the circuit judge clearly had the authority to inquire into Wigginton's sentence, and see if there was any basis at all for Wigginton's removal from the program, and it remains discretionary with the circuit judge to determine whether or not Wigginton's sentence should be reviewed.
Wigginton, 668 So.2d 763 at 765 (citations omitted). In his order overruling Green's petition for post-conviction relief, the judge acknowledged that he was aware, pursuant to Wigginton, that he had the discretion to review Green's sentence; however, he said no review of Green's sentence was necessary. In deferring to the Mississippi Department of Corrections, the judge said that the MDOC "is in a position to better evaluate performance of inmates in the RID program than is this Court." As well, the judge deferred to the MDOC administrative procedures in place for informing an inmate that she is being removed from the program. These procedures also provide the aggrieved inmate with a method to appeal such removal, though the judge found that Green had failed to exhaust her administrative remedies with the MDOC. As the circuit court recognized, we agree that the MDOC has authority over administrative matters regarding their inmates in this program.
¶ 9. In a side argument, Green submits that her sentence of five years with the MDOC, upon removal from the RID program, was excessive, since she thought she would only have to serve one year. She claims the judge abused his authority in "resentencing" her. However, much evidence exists to show that Green was aware that her sentence was five years and that she would be required to serve such sentence if she failed to complete the RID program. First and foremost is the transcript of Green's guilty plea hearing. At the hearing, the judge questioned Green to ensure that she understood her charge and that she understood that she would have to serve out her five-year sentence with the MDOC should she not successfully complete the RID program. Green affirmed she understood. Compelling, too, is the form concerning the request for inmate reclassification. Green's signature also appears on this form which states that her term is "5 years" and the "discharge date" is "3-15-03."
*276 ¶ 10. As shown by the record excerpts, Green did have actual notice of the offenses cited against her. She also was made aware of the punishments for each offense and affixed her signature to acknowledge that she understood that the "informal resolution form" would act in lieu of a "rules violation report." Green's claim on appeal that she did not receive notice of her violations is without merit. As well, though Wigginton permits a judge to review an inmate's sentence, here the judge elected not to review such sentence, since ample evidence existed to support the program director's decision to transfer Green back to prison. Therefore, we find that none of Green's arguments on appeal have merit.

CONCLUSION
¶ 11. As described herein, we find no merit to Green's arguments. Therefore, we affirm the decision of the Marion County Circuit Court.
¶ 12. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO MARION COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.