881 So.2d 351 (2004)
Frankie JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00910-COA.
Court of Appeals of Mississippi.
August 24, 2004.
Frankie Jones (Pro Se).
*352 Office of the Attorney General by Scott Stuart, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Frankie Jones, pro se, appeals an order of the Circuit Court of Calhoun County, Mississippi denying his motion for post-conviction relief. Aggrieved by this decision, Jones perfected this appeal, raising the following issue as error: (1) whether the circuit court committed manifest error in dismissing his PCR motion.
¶ 2. Ascertaining no reversible error, we affirm.

FACTS
¶ 3. On January 20, 1998, Jones entered pleas of guilty to two separate charges of sale of cocaine, one charge of simple assault on a law enforcement officer, and one charge of escape. He was sentenced on each of the cocaine convictions to concurrent terms of fifteen years in the custody of the Mississippi Department of Corrections, with five years suspended and three years of supervised probation upon release. He was sentenced to three years on the simple assault charge and three years for the escape charge, with both of the three-year terms running concurrently with the sentences for the cocaine convictions.
¶ 4. On May 2, 2002, Jones filed a motion for production of documents seeking to obtain certain documents which he contended were necessary for him to successfully challenge the legality of the sentences discussed in the preceding paragraph. Although it is not entirely clear from the record, it appears that at some point in 2002 and prior to October 16, 2002, Jones also filed a petition to reconsider his sentences.[1] On October 16, 2002, the circuit judge considered Jones's motion for production of documents, treated it as a post-conviction relief motion, and denied it after finding it to be time-barred. In his ruling on the motion for production of documents, the circuit judge did not mention Jones's motion to reconsider sentencing order.
¶ 5. On October 30, 2002, Jones filed a notice of appeal of the October 16, 2002 order denying, as time-barred, his motion for production of documents which the circuit judge treated as a post-conviction relief motion.
¶ 6. On March 28, 2003, Jones filed a motion to vacate what he labeled as illegal portions of the state court sentences. On April 11, 2003, the circuit court summarily denied the requested relief, finding that the motion was time-barred as well as a successive motion for post-conviction relief.
¶ 7. On April 22, 2003, the appeal initiated by Jones on October 30, 2002, was dismissed pursuant to his motion to dismiss, and the instant appeal was filed on April 23, 2003, seeking redress of the circuit judge's April 11 ruling denying Jones's motion to vacate illegal portions of state court sentences.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. Jones argues that the circuit court gave him an illegal sentence by including a period of suspended time and a period of post-release probation in his sentence. *353 Citing Mississippi Code Annotated section 47-7-33(1) (Rev.2000), Jones claims that the circuit court was prohibited from suspending any portion of his sentence or imposing probation upon him because he was already a convicted felon. He concludes that such sentencing by the circuit court was plain error and asks that the suspended and probationary periods of his sentence be set aside.
¶ 9. As noted earlier in this opinion, Jones initially filed, on May 2, 2002, a motion for production of documents which he contended were a prerequisite to his being able to successfully challenge his sentences which were given him on January 20, 1998. In his initial motion, Jones said he expected to raise the propriety of the sentences at an evidentiary hearing, but he did not give any specifics as to why he believed his sentences were improper. No evidentiary hearing was ever held. Then, on March 28, 2003, in his motion to vacate illegal portions of the state court sentences, Jones gave the specifics as to why he believed his sentences were improper.
¶ 10. Clearly, Jones's initial motion for production of documents and his motion to vacate portions of state court sentences were filed well beyond the three-year time period mandated by Mississippi Code Annotated section 99-39-5(2) (Rev.2000). This tardy filing was the sole basis for the circuit judge's decision dismissing Jones's first motion and was one of two bases for dismissing Jones's second motion.
¶ 11. However, Jones, citing Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999), argues that "errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration." We, therefore, review the merits of Jones's allegations that the suspended portion of the sentences, which he received on January 20, 1998, were illegal because he was, at the time of the sentences, a prior convicted felon.
¶ 12. Jones is correct in his assertion that no portion of his 1998 sentences for the sale of cocaine should have been suspended since he, at that time, was a prior convicted felon. Miss.Code Ann. § 47-7-33(1) (Rev.2000). However, we have held that a defendant "cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result thereof." Graves v. State, 822 So.2d 1089, 1091(¶ 8) (Miss.Ct.App.2002), cert. granted, 829 So.2d 1245, cert. dismissed as improvidently granted (May 1, 2003) (citing McGleachie v. State, 800 So.2d 561(¶ 4) (Miss.Ct.App.2001)).
¶ 13. We find no compelling reason to revisit our holdings in Graves and McGleachie. Therefore, we affirm the circuit judge's denial of Jones's motion to vacate portions of Jones's sentences.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.
NOTES
[1] We were unable to find a filed copy of the petition in the record. However, the record contains an unfiled copy of the petition, dated and notarized on March 29, 2002, and a copy of a letter, dated August 7, 2002, from Jones to the Circuit Clerk of Calhoun County. The letter was marked filed on August 9, 2002. Attached to the letter was a notice seeking a hearing on the petition to reconsider the sentencing order. The notice indicated that the petition to reconsider the sentencing order was filed on May 6, 2002.