910 So.2d 23 (2005)
Otha JENKINS a/k/a Otha L. Jenkins, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01010-COA.
Court of Appeals of Mississippi.
January 4, 2005.
*24 Otha Jenkins (Pro Se), attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. On October 1, 2001, Otha Jenkins pled guilty to felony D.U.I., third offense. Jenkins was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections, with one year on the Intensive Supervision Program (ISP), also known as house arrest, and the possibility of the remaining four years being suspended.
¶ 2. After violating the ISP rules, Jenkins was placed in the general inmate population and informed that he would have to serve his full five year sentence. Jenkins then filed a motion for post-conviction relief with the Simpson County Circuit Court. Jenkins claimed that his probation had been unlawfully revoked. The court denied Jenkins' motion for post-conviction relief. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002).

ANALYSIS
¶ 4. This Court is limited by the record before us on appeal. Jenkins' motion for post-conviction relief is not found in the record before this Court. Therefore, we cannot find that the trial court's decision to deny Jenkins' motion for post-conviction relief was clearly erroneous without proof placed before us by a record.
¶ 5. "It is an appellant's duty to justify his arguments of error with a proper *25 record, which does not include mere assertions in his brief, or the trial court will be considered correct." American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995); see also Ross v. State, 603 So.2d 857, 861 (Miss. 1992); Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). This Court is limited to the appellate record when considering an appeal. Dillon v. State, 641 So.2d 1223, 1225 (Miss.1994). "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss. 1983). Because Jenkins failed to include his motion for post-conviction relief in the record before us, we must affirm the judgment of the circuit court.
¶ 6. Nevertheless, we will attempt to address the arguments Jenkins has made in his briefs. Jenkins asserts that he was denied the due process of law because his probation was revoked without a preliminary or final hearing. However, Jenkins was never placed on probation. He was sentenced to serve one year on the ISP. Only upon the successful completion of the ISP would the four years of his sentence be suspended, and he would then be placed on probation. When Jenkins was found to have violated the ISP rules, he was placed by the Mississippi Department of Corrections among the general inmate population. Thus, it was Jenkins' ISP status that was revoked, not his probation.
¶ 7. In Lewis v. State, 761 So.2d 922, 923 (¶¶ 3-4) (Miss.Ct.App.2000), this Court held that removing an inmate from ISP and placing him in the general prison population is nothing more than an internal reclassification matter for which the inmate enjoys no liberty interest that would trigger the need for the kind of due process hearing necessary to revoke probation or parole. Therefore, we find that Jenkins was not entitled to a hearing before his ISP status was revoked.
¶ 8. Jenkins also claims that, pursuant to Mississippi Code Annotated Section 47-5-1003(4) (Rev.2004), the trial judge could not require him to complete the ISP as a condition of probation. Jenkins is correct; however, a close reading of the trial court's sentencing order reveals that Jenkins' probation was not contingent upon his successful completion of the ISP. The sentencing order, in pertinent part, reads:
The Court hereby sentences the defendant to serve a term of five (5) years in the custody of the Mississippi Department of Corrections, with four (4) years suspended and one (365) days [sic] to serve on House Arrest. And if and when the defendant successfully completes his service of one (365) days [sic] in the House Arrest Program, the remaining four (4) years of his sentence be [sic] suspended and the defendant place [sic] on four (4) years reporting probation.
¶ 9. The sentencing order clearly states that having four years of Jenkins' sentence suspended, not being placed on probation, was contingent upon successful completion of the ISP. Making the suspension of part of a defendant's sentence contingent upon successful completion of the ISP is not prohibited by statute. Reaves v. State, 749 So.2d 295, 296-97 (¶¶ 6-7) (Miss.Ct.App. 1999).
¶ 10. Because Jenkins did not successfully complete the one year of ISP, fours years of his sentence were never suspended and he was never placed on probation. Rather, for violating the ISP, Jenkins had to serve his entire five year sentence. Therefore, Jenkins' argument that his probation was unlawfully revoked is without merit.
*26 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.