999 So.2d 420 (2008)
Annie Walton IVORY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00092-COA.
Court of Appeals of Mississippi.
December 9, 2008.
Rehearing Dismissed January 20, 2009.
Certiorari Dismissed January 22, 2009.
*421 Annie Walton Ivory, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Jane L. Mapp, Jackson, attorneys for appellee.
EN BANC.
ROBERTS, J., for the Court.
¶ 1. Annie Walton Ivory filed a petition for a writ of habeas corpus in the Monroe County Circuit Court. Ivory's fundamental contentions were that: (1) she was entitled to the expungement of a rules violation report (RVR) that resulted in her reclassification from the Intensive Supervision Program (ISP), colloquially known as house arrest, to the general prison population; and (2) her sentence of one year to serve on house arrest had expired, resulting in her being unlawfully held in custody. The circuit court treated Ivory's petition as a motion for post-conviction relief (PCR) and dismissed it, finding that the court lacked jurisdiction to grant relief to inmates removed from house arrest because the ISP is under the exclusive jurisdiction of the Mississippi Department of Corrections (MDOC). Aggrieved, Ivory appeals. Finding no merit to Ivory's contentions, we affirm.

*422 FACTS AND PROCEDURAL HISTORY
¶ 2. On August 19, 2004, Ivory pled guilty to possession of greater than two grams of cocaine and a third offense for driving under the influence (DUI). At that time, Ivory was a fifty-year-old widow with two adult children and three grandchildren. Ivory was well-educated. She was a teacher with a bachelor's degree and a master's degree. During Ivory's guilty plea and sentencing hearing, the assistant district attorney made the following recommendation:
[T]he State recommends that [in 04-051] the defendant serve a period of 16 years in the custody of the Mississippi Department of Corrections but that she be placed in one year of the [ISP] and upon completion of that that she be placed on successful completion of that that she be placed on a period of four years' post-release supervision as long as she does not violate any laws of this state, any other state, of the federal government or of her post-release supervision. The 15 years that we are requesting to be suspended would not be imposed upon her. That she contribute $100 to the Mississippi Crime Victims Compensation Fund, that she pay $1,500 as a fine. We would request that the fine be suspended, Your Honor. That she pay court costs in this matter.
In 04-042 the State recommends that she be given a term of five years in the custody of the Mississippi Department of Corrections but that theyinstead of place [sic] her, incarcerating her at this time that she be placed in the Intensive Supervision Program for a period of one year, that this cause is to run concurrent with 04-051. We do request in this cause, Your Honor, that she pay a $2,000 fine and she pay all court costs in this matter. Your Honor, the state neglected to announce that there is a crime lab fee of $125 to the Tupelo Crime Lab, and I'm sorry that we neglected to put that on the sheet.
The circuit court judge asked Ivory whether she understood the State's recommendation. Ivory responded, "[y]es, sir." The circuit court also asked Ivory, "[i]s that the recommendation that you understood the State would make?" Again, Ivory responded, "[y]es, sir."
¶ 3. The circuit court then sentenced Ivory as follows:
In accord with the recommendation made by the State, the sentence of this court in CR04-051GM is that you serve a term of 16 years in the custody of the Mississippi Department of Corrections. You will be placed in the Intensive Supervision Program. If you successfully complete that program, you will be on four years' post-release supervision, during which time you will pay $100 to the Mississippi Crime Victim[s'] Compensation Fund. I am imposing a $1,500 fine and suspending that on condition that you complete the, successfully complete the ISP program and post-release supervision. You will pay all costs in this cause. This sentence will run concurrent with that imposed in Cause CR04-042.
In that cause the sentence of this court is that you serve a term of five years in the custody of the Mississippi Department of Corrections. You will be in the ISP program, not twice obviously, but this will be conditioned on your completing the ISP program. You will pay a fine of $2,000, all costs in this cause and $125 to the Tupelo Crime Laboratory. This sentence will run concurrent with that imposed in CR04-[0]51.
At that point, the following exchange transpired:
The Court: I want to caution you of one thing. If during the course of your *423 ISP service, this time, the Department of Corrections finds you in violation of any term or condition, you will not come back here, you will not have a court hearing, you will be transported to Rankin County where the facility there is I think the women's prison, and that's where you'll go.
Ivory: I understand.
The Court: It's not easy.
Ivory: Yes, sir.
The Court: But if you think of it as being in the penitentiary except sleeping at home, it might be easier for you.
Ivory: Yes, sir.
The Court: But if you step off the base, they're going to get you.
Ivory: Yes, sir.
The Court: It's that simple. If that happens, you go down to serve 16 years.
Ivory: I understand.
The Monroe County Circuit Court accepted the State's sentencing recommendation and imposed a sixteen-year sentence for the possession of cocaine offense with one year to be served on house arrest, pursuant to Mississippi Code Annotated sections 47-5-1001 through XX-X-XXXX, followed by four years of post-release supervision. The court sentenced Ivory to five years for the DUI third offense, with one year to serve on house arrest followed by four years of post-release supervision. This sentence was ordered to run concurrently with the sixteen-year sentence. Accordingly, Ivory was placed on house arrest.[1]
¶ 4. Ivory began serving her term in the ISP the very next day when the MDOC probation and parole officer in charge of administering the ISP inmates hooked her up to her electronic monitoring equipment. It did not take long for Ivory to violate the requirements of the ISP. On December 18, 2004, Ivory's urine sample tested positive for cocaine. On December 31, 2004, Ivory tested positive again. On January 11, 2005, Ivory was offered an opportunity to participate in a drug addiction treatment program known as the "FREE" program. She signed a written refusal to participate.
¶ 5. Ivory was again tested for cocaine use on April 16, 2005. Before the analysis could be completed, Ivory admitted that she used cocaine again. In the corresponding MDOC RVR, Ivory stated that she did not feel that another inpatient drug program was good for her. Ivory also stated that, shortly before her April 16, 2005, drug test, she had been drinking beer and smoking a cigarette laced with cocaine. Ivory claimed she was unaware that the cigarette was laced with cocaine. Ivory was found guilty of another rule violation when Randy Perkins, Ivory's supervising ISP officer, charged her with absconding from supervision when her monitoring equipment indicated that she left her residence after curfew hours, returned at 10:00 p.m., left at 10:01 p.m., and was later found at 3:30 a.m. across town in a house described as a "crack house." Ivory claimed she was not at a crack house. According to Ivory, she was contemplating moving to that house.
¶ 6. Four days later, Ivory was placed into the general prison population to serve *424 the full sixteen years of her sentence. Ivory was later found guilty of the violation by an MDOC hearing officer. Aggrieved, Ivory invoked the procedures under the MDOC Administrative Remedy Program in an effort to have the RVR set aside. Ivory was ultimately unsuccessful and timely sought judicial review of the final MDOC decision by filing an action in federal district court pursuant to 42 U.S.C. section 1983. The district court dismissed Ivory's section 1983 action because Ivory's complaint was for habeas corpus, and Ivory had not exhausted her state remedies.
¶ 7. On July 11, 2006, Ivory filed a pro se petition for a writ of habeas corpus in the Monroe County Circuit Court and attacked her conviction and sentence for possession of cocaine. Ivory argued that her reclassification by the MDOC was arbitrary and capricious because it was her stress over her ISP supervisor's abuse of power that caused her drug relapse. Ivory also contended that, having served eight months on house arrest, she should have had only four months to serve in the actual custody of the MDOC before beginning the post-release supervision portion of her sentence. Ivory included a copy of her MDOC time sheet showing that she is currently serving the sixteen-year term and has a maximum discharge date of August 3, 2020.
¶ 8. The circuit court treated Ivory's pleading as a motion for post-conviction relief. See Miss.Code Ann. § 99-39-3(1) (Rev.2007). The circuit court found that it lacked jurisdiction to grant relief to prisoners removed from the ISP and dismissed Ivory's PCR motion. Ivory now appeals.

STANDARD OF REVIEW
¶ 9. A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2007). We will affirm the circuit court's summary dismissal of a PCR motion if, after reviewing the PCR motion de novo, we conclude that the petitioner has failed to "demonstrate `a claim procedurally alive substantially showing denial of a state or federal right....'" Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).

ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED BY DISMISSING IVORY'S PETITION FOR A WRIT OF HABEAS CORPUS.

A. Ivory's Removal from the ISP
¶ 10. The circuit court appropriately treated Ivory's petition for habeas corpus as a motion for PCR pursuant to Mississippi Code Annotated section 99-39-3(1), which provides that the relief formerly accorded by a post-conviction writ of habeas corpus may be obtained by a motion for post-conviction relief. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." Edmond v. Miss. Dep't of Corr., 783 So.2d 675, 677(¶ 8) (Miss.2001). "[P]ost-trial petitions that are in the nature of habeas corpus are considered under the UPCCRA." Id. at 678(¶ 9). Mississippi Code Annotated section 99-39-5(1) (Rev.2007) contains the grounds for post-conviction relief, including claims "that [the movant's] sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held *425 in custody." Miss.Code Ann. § 99-39-5(1)(g).
¶ 11. Ivory argues that the circuit court should have adjudicated her claim that her removal from house arrest by the MDOC was arbitrary and capricious. This argument is without merit. The circuit court correctly determined that it lacked jurisdiction under the post-conviction relief statutes to afford Ivory any relief from the MDOC's decision to remove her from the ISP. House arrest is "the confinement of a person convicted or charged with a crime to his place of residence under the terms and conditions established by the [MDOC] or court." Miss.Code Ann. § 47-5-1001(e) (Rev.2004). House arrest is not a probationary status, but merely an alternative form of confinement. Lewis v. State, 761 So.2d 922, 923(¶ 4) (Miss.Ct.App.2000). The statutes governing the ISP provide that an offender in the ISP is under the full and complete jurisdiction of the MDOC and is subject to removal from the program by the classification hearing officer. Miss.Code Ann. § 47-5-1003(3). Thus, by statute, the authority to reclassify an inmate from house arrest and to place her in the general prison population is within the exclusive jurisdiction of the MDOC and outside the authority of the original sentencing judge. Lewis, 761 So.2d at 923(¶ 4). In Lewis, which involved another movant seeking post-conviction relief for his removal from house arrest, we explained that:
[P]ost-conviction relief was an inappropriate remedy for Lewis to pursue. Post-conviction relief is appropriate only if the movant contends that his "probation, parole or conditional release [has been] unlawfully revoked; or he is otherwise unlawfully held in custody." Miss Code Ann. § 99-39-5(1)(g) (Supp. 1999). Since Lewis would remain under a form of confinement even were he successful in demonstrating the impropriety of his removal from the house arrest program, the provisions of Section 99-39-5(1)(g) are not available to support post-conviction relief any more than the statute would permit a post-conviction relief proceeding for an inmate's complaint of some other onerous change in the form of his confinement.
Id. at 923(¶ 5). Though a complaint about removal from house arrest is not properly brought in a motion for post-conviction relief, a prisoner may have an adverse reclassification decision reviewed pursuant to the Administrative Remedy Program (ARP) promulgated by the MDOC pursuant to Mississippi Code Annotated section 47-5-801 (Rev.2004). Id. at 923(¶ 6); McBride v. State, 914 So.2d 260, 263 n. 1 (Miss.Ct.App.2005). We observe that the record shows Ivory pursued a remedy through the ARP process, but she was ultimately unsuccessful.

B. Ivory's Sentence to Post-Release Supervision
¶ 12. In her petition, Ivory made the additional assertion that after she was reclassified from house arrest and incarcerated, she should have had only four months left on the one-year term that she was to serve in the "actual custody of the Mississippi Department of Corrections." It appears that Ivory claims she was to be placed on post-release supervision after one year, despite her rule violations while in the ISP. The supreme court has recently instructed that when a prisoner proceeds pro se, "we take that fact into account and, in our discretion, credit not so well pleaded allegations, so that a prisoner's meritorious complaint may not be lost because inartfully drafted." Hannah v. State, 943 So.2d 20, 24 n. 1 (Miss.2006). Additionally, we are mindful that on review of a PCR motion, the circuit court, and this Court on appeal, must study the *426 "entire record to determine whether the petitioner makes a substantial showing of a denial of a federal or state right." Id.
¶ 13. Ivory's sentencing order for her possession of cocaine conviction stated in pertinent part:
Came on this cause this day for hearing, the Defendant being before the Court in person and with his [sic] attorney Honorable LUANNE THOMPSON, said Defendant being before this Court on a charge of POSSESSION OF COCAINE, on indictment against him/her and having entered a plea of not guilty to said charge on a former day in this Court, Defendant, ANNIE WALTON IVORY, withdraws his [sic] former plea of not guilty and enters a plea of guilty as charged, said plea is accepted by the Court, the Court finding that said plea is voluntarily and understandingly entered by the Defendant[.]
IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant be sentenced to serve a term of SIXTEEN (16) year(s), in custody of the Mississippi Department of Corrections. The Defendant is to be placed in the Intensive Supervision/House Arrest Program pursuant to § 47-5-1001 through XX-X-XXXX of the Mississippi Code and the Court retains the right of jurisdiction for a period of one (1) year. Said sentence is conditioned upon the Defendant agreeing and complying with all of the conditions outlined in the Intensive Supervision Agreement as provided by the Mississippi Department of Corrections.
If the Defendant should fail to successfully complete the Intensive Supervision Program, the Mississippi Department of Corrections may, without further orders of this Court, place the Defendant in whatever Mississippi Department of Corrections facility deemed appropriate to complete the said sentence.
Upon completion of the Intensive Supervisor [sic] the Defendant shall be released from said program without further order of this Court and placed on FOUR (4) year(s) Post [-]Release Supervision under the following terms and conditions....
The sentencing order then listed the terms and conditions of Ivory's post-release supervision.
¶ 14. Under an amendment to Mississippi Code Annotated section 47-5-1003, effective July 1, 2000, a sentencing court "may not require an offender to complete the intensive supervision program as a condition of probation or post-release supervision." The dissent would find that the circuit court's sentence required that Ivory complete the ISP as a condition of post-release supervision. With all due respect, we disagree.

1. The Intensive Supervision Program
¶ 15. The ISP is an alternative custodial classification; an offender in the ISP is serving time "confined as a prisoner under the jurisdiction of the [MDOC] in the normally-understood sense of that term." Lewis, 761 So.2d at 923(¶ 5). In other words, an offender in the ISP is an inmate in the custody of the MDOC who is serving time on house arrest instead of being housed in a MDOC facility. It is this inmate status that makes post-conviction relief an inappropriate vehicle for challenging one's removal from house arrest and placement into the general prison population, as we have already discussed. Id.
¶ 16. The statutes creating the ISP provide that either the circuit court or the MDOC may select offenders for placement into the ISP as an alternative to incarceration. Miss.Code Ann. § 47-5-1003(1). *427 The circuit court has jurisdiction to place an offender into the ISP upon the advice and consent of the commissioner for one year after the offender has been delivered into the custody of the MDOC. Miss.Code Ann. § 47-5-1003(2). After one year has passed, only the MDOC may reclassify an offender and place him or her into the ISP. Id. Regardless of whether an offender is placed into the ISP by the circuit court or by the MDOC, the offender "is under the full and complete jurisdiction of the department and subject to removal from the program by the classification hearing officer." Miss.Code Ann. § 47-5-1003(3). The offender is not subject to removal from the ISP by the circuit court, but only by the MDOC. Jensen v. State, 798 So.2d 383, 385(¶ 8) (Miss.2001); Babbitt v. State, 755 So.2d 406, 409(¶ 14) (Miss.2000).

2. Post-Release Supervision
¶ 17. Post-release supervision is an alternative to probation that is available for prior convicted felons. Carter v. State, 754 So.2d 1207, 1208(¶ 4) (Miss.2000). The establishing statute permits a court to impose a term of post-release supervision to follow a term of incarceration, provided that the term of incarceration plus the term of post-release supervision do not exceed the maximum sentence for the crime. Miss.Code Ann. § 47-7-34(1) (Rev. 2004). Also, a "period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish." Miss.Code Ann. § 47-7-34(2); see also Miss.Code Ann. § 47-7-35 (Supp.2008) (court to determine terms and conditions of probation or post-release supervision). The procedures for revocation of post-release supervision and recommitment of the offender to the correctional facility must be "conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence." Miss.Code Ann. § 47-7-34(2).
¶ 18. The revocation of probation or post-release supervision involves a loss of liberty and requires that the offender be afforded due process. Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Mississippi Code Annotated 47-7-37 (Supp.2008) codifies the minimum due process requirements applicable to probation revocation procedures mandated by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 487-88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and in Gagnon, 411 U.S. at 781-82, 93 S.Ct. 1756. Riely v. State, 562 So.2d 1206, 1209-12 (Miss.1990). Only a court has the authority to revoke probation or post-release supervision under section 47-7-37. Grace v. State, 919 So.2d 987, 989(¶ 8) (Miss.Ct.App.2005). After the final revocation hearing, the court "may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction." Miss.Code Ann. § 47-7-37.

3. Whether Ivory's Sentence Violated Section 47-5-1003(4)
¶ 19. In 1993, the Legislature created the ISP-commonly referred to as "house arrest." Initially, some judges interpreted the ISP as a form of probation or post-release supervision. A sentencing judge might place a convict on probation and order the convict to complete the ISP while on probation. Convicts were simultaneously on probation and in the ISP. Said differently, sentencing courts sometimes ordered that a convict's conditions of probation include successful completion of the ISP. That is, some used the ISP as an advanced, more rigorous form of probation *428 or post-release supervision. See Reaves v. State, 749 So.2d 295, 297(¶ 7) (Miss.Ct.App. 1999).
¶ 20. Not surprisingly, that simultaneous classification created confusion. In particular, conflict arose regarding whether convicts in the ISP while on probation were under the authority of the MDOC or the sentencing court.[2] That issue culminated in the supreme court's January 27, 2000, decision in Babbitt, 755 So.2d 406.
¶ 21. Babbitt pled guilty to two counts of possession of cocaine. Id. at 407(¶ 1). The circuit court sentenced Babbitt to two twenty-year concurrent sentences and placed him in the ISP. Id. The MDOC later reported that Babbitt left his house without permission. Id. at (¶ 2). As a result, the circuit court found that Babbitt failed to complete the ISP, removed him from the program, and ordered him to serve his twenty-year sentences. Id. The MDOC disciplinary committee, however, reviewed the evidence and concluded that Babbitt was not guilty of leaving his house without permission. Id. Despite the disciplinary committee's decision, Babbitt was not returned to the ISP. Id. at 408(¶ 7). Babbitt sought post-conviction relief, but the circuit court denied Babbitt's petition. Id. According to the circuit court, because it reserved the exclusive right of judicial review when it sentenced Babbitt, it could ignore the disciplinary committee's finding. Id.
¶ 22. On appeal, the supreme court noted that pursuant to Mississippi Code Annotated section 47-5-1003(3), the MDOC classification committee has "full and complete" jurisdiction over the ISP. Id. at 409(¶ 11). The supreme court held that because the classification committee had jurisdiction over people in the ISP, the circuit court had no authority to reclassify Babbitt, and the court could not remove Babbitt from the ISP. Id. at (¶ 14).
¶ 23. Later in 2000, and after the Babbitt decision, the Legislature amended section 47-5-1003(4) and added the following language, "courts may not require an offender to complete the intensive supervision program as a condition of probation or post-release supervision." Miss.Code Ann. § 47-5-1003(4). The Legislature, "[made] it clear that [the ISP] was a Department of Corrections-administered program and not something for trial judges to manage or make a condition of probation." Burns v. State, 933 So.2d 329, 331(¶ 11) (Miss.Ct. App.2006). This language is in recognition of the concept of the separation of the MDOC's classification jurisdiction over its inmates as opposed to the circuit court's jurisdiction over probationers. That is, it is unequivocally impossible for a circuit court to impose a sentence causing a defendant to be both simultaneously an inmate in the ISP and on post-release supervision. Stated differently, one cannot be "released" from inmate status by the MDOC and still be an inmate.
¶ 24. What the Legislature did not say, however, was that ISP could never precede probation or post-release supervision. To be quite clear, while it is true that completion of the ISP could be considered a pre-existing condition of the circuit court's further suspension of Ivory's sentence, completion of the ISP was not a contemporaneous condition of post-release supervision. The circuit court never revoked Ivory's post-release supervision status because Ivory was never released by the MDOC from her house arrest to begin the post-release supervision portion of her sentence. Rather, the circuit judge made successful *429 completion of the ISP a prerequisite to Ivory's placement on post-release supervision. To be entirely clear, the circuit court sentenced Ivory to sixteen years in the custody of the MDOC.
¶ 25. This case is illustrative of the difficulty Mississippi circuit court judges face when passing a lawful sentence upon a felony defendant while simultaneously navigating and complying with the various statutes regarding sentence suspension, probation, post-release supervision, intensive supervision placement (ISP), and earned probation as well as the numerous appellate court decisions interpreting those statutes. However, one thing is certain; there is no question about the circuit court's intent in sentencing Ivory. Likewise, there is no question about Ivory's understanding of her sentence.
¶ 26. The circuit court, in its leniency, gave Ivory a chance to avoid her sixteen-year sentence. This Court has no basis upon which we may assume that had Ivory successfully completed serving one year in the ISP, the circuit court did not intend to honor the plea agreement. "This Court does not adjudicate a prospect claim." Richardson v. State, 907 So.2d 404, 406(¶ 12) (Miss.Ct.App.2005).
¶ 27. However, because Ivory failed to abstain from using cocaine during her time in the ISP, the circuit court's omission of language that would have Ivory return before it for modification of her sentence becomes a nullity. Based on the discretion afforded to sentencing judges, this Court must conclude that the circuit court intended to retain jurisdiction over Ivory and then resentence Ivory by suspending the remaining fifteen years of Ivory's sixteen-year sentence and placing her on post-release supervision. This conclusion is based on the logical interpretation of the circuit court's order. The circuit court sentenced Ivory to sixteen years in the custody of MDOC with the first year of that sentence to be served in the ISP. The circuit court did not suspend any portion of that sentence. Presumptively, had Ivory completed the ISP, the circuit court would have then resentenced her and suspended the remaining fifteen years of Ivory's sentence. Regrettably, Ivory never made it to that point.
¶ 28. The dissent recognizes that, pursuant to Mississippi Code Annotated section 47-7-47(2)(a), a sentencing court may:
upon its own motion, acting upon the advice and consent of the commissioner not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered into the custody of the [MDOC], to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation....
The dissent examines the circuit court's order and finds that the circuit court did not intend to retain sentencing jurisdiction over Ivory, despite the circuit court's statement "the Court retains the right of jurisdiction for a period of one (1) year." However, that the circuit court expressly "retain[ed] the right of jurisdiction for a period of one year" is sufficient to conclude that the circuit court intended to retain sentencing jurisdiction over Ivory.
¶ 29. In Moore v. State, 830 So.2d 1274, 1274(¶ 1) (Miss.Ct.App.2002), this Court affirmed a trial judge's decision to deny a petition for post-conviction relief. The circuit court sentenced Moore to ten years, placed Moore in the ISP for one year, and retained jurisdiction for one year. Id. at (¶ 2). If Moore completed the ISP, the MDOC would notify the circuit court, which could then place Moore on supervised probation for the remainder of his sentence. Id.
*430 ¶ 30. However, Moore violated the terms of the ISP when he tested positive for cocaine. Id. at 1275(¶ 3). Moore was removed from the ISP, reclassified by the MDOC, and required to serve the remainder of his ten-year sentence. Id. Moore sought post-conviction relief and claimed the circuit court violated section 47-5-1003(4). Id. This Court reviewed a handwritten addendum to the sentencing order. Id. at 1276(¶ 9). That addendum read, "post[-]release supervision for a period of 3 years will follow successful completion of house arrest." Id. This court concluded that the circuit court did not impermissibly make probation or post-release supervision conditional upon successful completion of the ISP. Id. Instead, when Moore failed to complete the ISP, "rescission" of the possibility of probation occurred. Id. at 1277(¶ 15).
¶ 31. The dissent notes that the Legislature had yet to amend the language of section 47-5-1003(4) when Moore was sentenced. That may very well be, but the modified language of section 47-5-1003(4) did exist in Burns, when this Court affirmed a circuit court's decision to dismiss a petition for post-conviction relief. Burns, 933 So.2d at 330(¶ 3). Burns pled guilty to a fourth offense DUI, and he was sentenced as follows: "if and when Burns completes ISP ... the remaining four years [will] be suspended, pending successful completion of four years PRS." Id. Burns later filed a motion for clarification and claimed that he received an illegal sentence. Id. at 330(¶ 4). This Court discussed section 47-5-1003(4), considered the circuit court's clarification and disclaimer, and found that "the sentence [did] not require that Burns complete ISP as a condition of PRS." Id. at 331-32(¶ 11).
¶ 32. In both Moore and Burns, ISP preceded probation or post-release supervision. Similarly, in Jenkins v. State, 910 So.2d 23, 24(¶ 1) (Miss.Ct.App.2005), a convict was sentenced to five years with one year in the ISP and the possibility that the remaining four years would be suspended. Jenkins violated the ISP rules. Id. at (¶ 2). Consequently, Jenkins was placed in the general prison population and told that he would have to serve the remainder of his five-year sentence. Id. at 25(¶ 6). Jenkins unsuccessfully sought post-conviction relief before the circuit court. Id. at 24(¶ 2).
¶ 33. On appeal, this Court affirmed the circuit court's decision and found that the circuit court did not violate section 47-5-1003(4) because Jenkins was never placed on probation. Id. at 25(¶ 6). Instead, the circuit court sentenced Jenkins to five years with the first year in the ISP. Id. Assuming Jenkins completed that year, the remaining four years would be suspended and he would be placed on probation. Id. Accordingly, probation was not contingent upon completion of the ISP suspension of four years of Jenkins's sentence was conditional upon completion of the ISP. Id. at (¶ 8).
¶ 34. In the matter presently before us, the circuit court sentenced Ivory to sixteen years in the custody of MDOC. The circuit court retained jurisdiction for one year, and the court placed Ivory in the ISP. Though the circuit court stated that, should Ivory complete the ISP, she would be placed on four years' post-release supervision, such a sentence is not prohibited by section 47-5-1003(4). The circuit court's sentencing order is somewhat confusing, but it becomes clear, considering the circuit court's extraneous statement.[3]
*431 ¶ 35. During Ivory's plea hearing, the circuit court said, "[i]f during the course of your ISP service, this time, the Department of Corrections finds you in violation of any term or condition, you will not come back here, you will not have a court hearing.... It's that simple. If that happens, you go down to serve 16 years." Thus, it is clear that the circuit court conditioned future suspension of fifteen years of Ivory's sentence on her successful completion of the ISP. According to Moore, Jenkins, and Burns, the circuit court's sentence is not prohibited by section 47-5-1003(4). Suspension of fifteen years of Ivory's sentence was contingent upon her completion of the ISP, and successful completion of post-release supervision was conditioned upon obedience to the terms and conditions of post-release supervision spelled out in her court order; none of which required completion of the ISP.
¶ 36. The dissent states that the circuit court's order established two alternatives. However, the dissent omitted a third alternative. Because the trial court retained jurisdiction, as in Moore, if Ivory completed the ISP, the MDOC would notify the judge, who could then resentence Ivory and suspend Ivory's remaining fifteen years and place Ivory on four years of post-release supervision.[4] Additionally, the terms and conditions of Ivory's post-release supervision were spelled out according to statute in her sentencing order. Completion of the ISP program was not included among those terms and conditions. Ivory simply was never discharged from the MDOC's custody. She never made it to post-release supervision status because the circuit court never resentenced her within the year that the circuit court retained jurisdiction over her. The circuit court did make her successful completion of the ISP a prerequisite for his resentencing Ivory to a suspended sentence and post-release supervision. As stated above, section 47-5-1003(4) prohibits a trial judge from requiring an offender to complete the ISP as one of the numerous conditions of post-release supervision once an offender reaches post-release supervision status. This distinction is outcome determinative.
¶ 37. Precluding a sentence such as the one Ivory received would unnecessarily hamstring our circuit court judges from fashioning effective sentences for certain classes of offenders. Ivory is a good example. She was convicted of non-violent felonies and appeared at the time to be a low-risk offender. The ISP is specifically designed for and limited to such offenders. Ivory had inpatient drug treatment before she pled guilty. She expressed every intent at sentencing to become a good citizen and to stop abusing illegal narcotics and alcohol. The circuit court gave her a chance to prove herself by allowing her to remain in her home, albeit as a MDOC inmate under strict supervision in the ISP. The circuit court was required by statute on the felony DUI conviction to order her to "serve" the first year of her sentence. Miss.Code Ann. § 63-11-30(2)(c) (Rev. 2004).
*432 ¶ 38. Used properly, the ISP can be an effective tool to motivate a convict. By retaining jurisdiction over a convicted person for one year, and then placing that person in the ISP, a circuit court can effectively give that person an opportunity at rehabilitation without actually being housed in a correctional facility. In contrast, under the dissent's rationale, an offender sentenced to one year of the ISP could willfully and deliberately violate his ISP condition during week number fifty-one and the only possible consequence would be a few days of confinement in the local jail until he was discharged by the MDOC one week later. Such an interpretation is not sound. This Court is obligated to leave a circuit court's decision regarding a motion for post-conviction relief undisturbed unless the circuit court's decision was clearly erroneous. Jenkins, 910 So.2d at 24(¶ 3). Because we cannot find that the circuit court's decision qualifies as "clearly erroneous," we must affirm the circuit court's judgment.
¶ 39. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. CHANDLER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J. IRVING, J., NOT PARTICIPATING.
CHANDLER, J., Concurring in Part, Dissenting in Part.
¶ 40. I agree with the majority's resolution of all of the issues raised by Ivory's petition for a writ of habeas corpus with the exception of the majority's finding that Ivory's sentence provided for her re-sentencing to post-release supervision upon further order of the court. In my opinion, the sentencing order clearly provided that Ivory would be placed on post-release supervision without further order of the court. In my opinion, the sentence providing that Ivory either would be placed on post-release supervision or incarcerated for the full sixteen years, contingent upon her successful completion of the ISP, contravened the Mississippi Legislature's amendment to Mississippi Code Annotated section 47-5-1003 (Supp.2008), providing that ISP cannot be a term or condition of post-release supervision.
¶ 41. Ivory was sentenced to sixteen years, with one year to serve on house arrest, to be followed by four years' post-release supervision if Ivory completed the one year on house arrest or to be followed by fifteen years to serve if the MDOC decided to reclassify Ivory into the general prison population. In Moore v. State, 830 So.2d 1274, 1274-75(¶ 2) (Miss.Ct.App. 2002), this Court reviewed a sentencing order providing that if Moore successfully completed one year in the ISP, he would be placed on three years' post-release supervision, but otherwise he would remain in the custody of the MDOC. This Court held that there was no liberty interest in an inmate's expectation of probation. Id. at 1277(¶ 14). Because Moore's failure to complete house arrest caused only a rescission of the possibility of probation, the sentence did not implicate due process. Id. at (¶ 15). However, we noted that Moore was sentenced prior to the effective date of the amendment to section 47-5-1003 and that "[t]rial courts are now prohibited from requiring `completion of the intensive supervision program as a condition of probation or post-release supervision.' [citation omitted]. When Moore was *433 sentenced on May 3, 2000, that statutory bar did not yet exist." Id. at 1276(¶ 9).
¶ 42. With the amendment to section 47-5-1003, the Legislature clarified that under our statutes, the authority to remove an offender from the ISP rests with the MDOC, while the authority to revoke probation or post-release supervision rests with the court. Under the amendment, a court now cannot make completion of the ISP a term or condition of post-release supervision. Therefore, a court now cannot base its revocation of post-release supervision upon the MDOC's decision to reclassify an inmate from house arrest to the general prison population. Miss.Code Ann. § 47-5-1003. This is because, under our sentencing statutes, only a court may revoke post-release supervision. Miss. Code Ann. §§ 47-7-34, -37. Logically, a reclassification decision by the MDOC should not cause a prospective revocation of an offender's court-imposed sentence to post-release supervision. A contingent sentence to post-release supervision, such as Ivory received, permits the decision on whether the offender's conduct warrants revocation to rest with an administrative agency, the MDOC, rather than with the court. This contravenes the amended section 47-5-1003, which manifests the Legislature's intent to divest the MDOC of any authority over revocation of probation or post-release supervision. Because a court cannot make the completion of ISP a term or condition of post-release supervision, I would find that the circuit court erred by making Ivory's period of post-release supervision contingent upon her successful completion of the ISP.
¶ 43. Nothing in the cases cited by the majority contravenes this conclusion. In Jenkins v. State, 910 So.2d 23, 25(¶ 8) (Miss.Ct.App.2005), the trial court sentenced Jenkins to five years, with one year in the ISP, and if Jenkins completed the ISP, his sentence would be suspended and he would be placed on four years' reporting probation. In affirming this sentence, we stated that "[m]aking the suspension of part of a defendant's sentence contingent upon successful completion of the ISP is not prohibited by statute." Id. at (¶ 9). We concluded that it was the suspension of Jenkins's sentence, not his sentence to reporting probation, that was contingent on his completion of the ISP. Id. at (¶ 10). Our sole authority was Reaves v. State, 749 So.2d 295, 296-97 (¶¶ 6-7) (Miss.Ct.App. 1999). As previously discussed, Reaves was decided when it was permissible for a trial court to make ISP a term or condition of probation; however, Reaves was superceded by section 47-5-1003, stating that completion of the ISP cannot be a term or condition of post-release supervision. I reject the contention that the circuit court conditionally suspended Ivory's sentence and that it was the suspension, not Ivory's sentence to post-release supervision, that was conditional on ISP completion. First, Ivory's sentencing order conditionally placed her on post-release supervision and the order did not expressly suspend her sentence. Second, even if a suspended sentence always accompanies a period of post-release supervision, as suggested in Johnson v. State, 925 So.2d 86, 103(¶ 32) (Miss.2006), the incidental suspension should not render inoperable the provision of section 47-5-1003, stating that the ISP cannot be a term or condition of post-release supervision.
¶ 44. In Burns v. State, 933 So.2d 329, 331(¶ 11) (Miss.Ct.App.2006), Burns's sentence for fourth-offense DUI stated that "if and when defendant successfully completes [the ISP] that the remaining FOUR (4) years be SUSPENDED." We found that language to be "questionable but surplusage" because the trial court ruled on Burns's motion for clarification by stating that the sentence "does not require *434 [Burns] to complete [the ISP] as a condition of probation or post-release supervision." Id. at 331-32(¶ 11). Thus, we indicated that while the sentencing language might have been a problem under section 47-5-1003, because the sentencing judge disclaimed that the ISP was a condition of post-release supervision, the condition was ineffective. Id. Therefore, we never reached the question of whether a sentence conditioning post-release supervision on completion of the ISP contravenes section 47-5-1003. Ivory received such a sentence, and I would hold that her sentence was improper.
¶ 45. The majority salvages Ivory's sentence by finding that the circuit court never sentenced Ivory to four years on post-release supervision contingent on completion of the ISP. The majority finds that the circuit court actually sentenced Ivory to serve the full sixteen years, and the court expressly retained the option to resentence Ivory according to the plea agreement after one yearif Ivory successfully completed one year in the ISPby suspending the remaining fifteen years of the sixteen-year sentence and placing Ivory on post-release supervision. I believe this interpretation of the sentencing order to be erroneous. First, under the majority's interpretation of the sentencing order, if Ivory completed one year in the ISP, she would continue serving the sixteen-year sentence unless the court exercised its jurisdiction to suspend her sentence and place her on post-release supervision. That reading of the sentencing order is untenable because the sentencing order plainly stated that upon completion of one year in the ISP, Ivory would begin four years' post-release supervision "without further order of the court."
¶ 46. Second, in the absence of statutory authority, a court cannot suspend a defendant's sentence once the case has terminated and after the term of court has ended. Miss. Comm'n on Judicial Performance v. Sanders, 708 So.2d 866, 874(¶ 34) (Miss.1998). This Court synthesized the law governing this limitation on the circuit court's authority to review sentences in Ducote v. State, 970 So.2d 1309, 1313(¶ 7) (Miss.Ct.App.2007), wherein we stated:
Longstanding authority holds "[o]nce a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment," in the absence of a statute authorizing modification of a sentence. Presley v. State, 792 So.2d 950, 954(¶ 18) (Miss. 2001) (quoting Harrigill v. State, 403 So.2d 867, 868-69 (Miss.1981)). However, this holding does not impact the ability of a circuit court to rule on motions which are pending at the end of the term of court, as these are allowed under Mississippi Code Annotated section 11-1-16 (Rev.2002). Id. Nor does this holding apply to URCCC 10.05, which states a motion for a new trial should be filed within ten days of the entry of judgment, regardless of when the term of court ends. Id. at 954(¶ 19). Additionally, section 47-7-47(2)(a) is one way a trial judge can statutorily revisit sentencing upon its own motion, after thirty days but before one year after the defendant has been delivered into the custody of the Department of Corrections.
Additionally, a circuit court may modify an offender's sentence in the course of granting post-conviction relief. Miss.Code Ann. § 99-39-23(5) (Supp.2008).
¶ 47. As the majority recognizes, Mississippi Code Annotated section 47-7-47(2)(a) (Rev.2004) permits a sentencing court to: "upon its own motion, acting upon the advice and consent of the commissioner not earlier than thirty (30) days nor later than one (1) year after the defendant *435 has been delivered to the custody of the department, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation...." Certainly, under section 47-7-47(2), a court can take successful ISP completion into account, as well as other matterssuch as the offender's behavior while incarceratedin determining whether to suspend the sentence and place the offender on earned probation. I look to Ivory's sentencing order for evidence of the circuit court's intent to retain jurisdiction to resentence Ivory pursuant to section 47-7-47(2).
¶ 48. I find none. There was nothing indicating that the court would undertake further review of Ivory's sentence upon the advice and consent of the commissioner. Ivory's sentencing order unambiguously stated that either: (1) "without further order of the court," Ivory would be incarcerated, or (2) "without further order of the court," Ivory would be placed on post-release supervision. The trigger for either course of action was Ivory's completion of or expulsion from the ISP. While the circuit court did retain jurisdiction and could have suspended Ivory's sentence and placed her on earned probation upon her completion of the ISP, Ivory's sentencing order clearly places her on post-release supervision conditioned upon her successful completion of the ISP, with no judicial intervention. As I have discussed, I believe that sentence was impermissible under our sentencing statutes.
¶ 49. Certainly, I agree with the majority that a circuit court may place an offender into the ISP, followed by post-release supervision. However, I do not believe that the court can make completion of the ISP a term or condition of the offender's sentence to post-release supervision; I believe this statutory prohibition not only prevents the court from placing an inmate simultaneously in the ISP and on post-release supervision, but also prevents the court from making the offender's failure to complete the ISP function as a revocation of a sentence to post-release supervision. Miss.Code Ann. § 47-5-1003. A circuit court wishing to reward an offender who has completed the ISP may, if the offender qualifies, suspend the further execution of sentence and place the offender on earned probation under section 47-7-47(2)(a), which permits the court to act "upon the advice and consent of the commissioner not earlier than thirty days nor later than one (1) year after the defendant has been delivered to the custody of the department, to which he has been sentenced." Of course, the circuit court may indicate its intent to resentence the offender under section 47-7-47(2) in the sentencing order.
¶ 50. This Court "may resentence a convicted defendant without remanding to the trial court in cases where the error is caused by a misapplication of a sentencing statute." Sweat v. State, 912 So.2d 458, 460(¶ 7) (Miss.2005). The error I perceive here was caused by the misapplication of the applicable sentencing statutes. Accordingly, I would modify Ivory's sentence for possession of cocaine to provide that the four years of post-release supervision are not conditioned upon Ivory's successful completion of the ISP.
KING, C.J., JOINS THIS OPINION.
NOTES
[1] This Court requested additional briefing on the problem created by the fact that the ISP statutes were automatically repealed on June 30, 2004, before Ivory was sentenced on August 19, 2004. Miss.Code Ann. § 47-5-1015 (Rev.2004). The Mississippi Legislature attempted to cure this oversight by "backdating" the repealer and making it retroactive. 2005 Miss. Laws, ch. 485, § 11. We find that even if the ISP was not legally available to Ivory, her sentence to the ISP was an illegally lenient sentence of which she may claim no prejudice. Jones v. State, 881 So.2d 351, 353(¶ 12) (Miss.Ct.App.2004).
[2] Circuit courts have exclusive jurisdiction over probation and post-release supervision, while the MDOC has exclusive jurisdiction over inmates in the ISP.
[3] In Moore, this Court reviewed a handwritten addendum to the sentencing order. In Burns, this Court reviewed the judge's verbal disclaimerpresumably from a transcript.
[4] For clarity's sake, a better course of action in Ivory's case would have been to include a requirement that, in the event that Ivory completed the ISP, Ivory would return before the circuit court. Further, the circuit court's order should have clarified that the circuit court would then exercise its retained jurisdiction to modify Ivory's sentence. As previously mentioned, based on Ivory's failure to complete the ISP, remanding is unnecessary, but had Ivory completed the ISP, omission of such language could have been rectified by remanding the case to the circuit court for clarification of Ivory's sentence. See, e.g., Thomas v. State, 883 So.2d 1197, 1200(¶ 17) (Miss.Ct.App.2004) (holding that it was appropriate to remand a case on appeal to correct a sentencing order to clearly reflect a sentence).